UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 18-1683 FMO (KKx) | Date | December 6, 2018 |
|---|---|---|---|
| Title | Samuel Love v. Sheldon J. Wainer, <u>et</u> <u>al.</u> | | |

Present: The Honorable     Fernando M. Olguin, United States District Judge

| Vanessa Figueroa | None Present |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| None Present | None Present |

**Proceedings:         (In Chambers) Order to Show Cause Re: Dismissal**

On August 13, 2018, plaintiff Samuel Love ("plaintiff") filed a Complaint, (Dkt. 1), alleging one claim under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 <u>et</u> <u>seq.</u> and one claim under California's Unruh Civil Rights Act, Cal. Civ. Code §§ 51-53 ("Unruh Act"). (<u>See</u> Dkt. 1, Complaint at ¶¶ 36-50).[1] The Complaint alleges that in "June 2018[,]" plaintiff personally encountered nonaccessible parking facilities at a place of public accommodation owned or operated by defendants Sheldon J. Wainer, Iris S. Wainer, Daniel L. Gieling, and CJTK, LLC, (collectively, "defendants"). (<u>See</u> <u>id.</u> at ¶¶ 14-23). Subsequently, in the parties' Joint Rule 26(f) Report, (Dkt. 31), defendants state that "[o]ut of an abundance of caution on the chance that the plaintiff can state a claim herein, the defendants endeavored to repaint/restripe the parking lot including accessible parking spaces; there are currently accessible parking spaces, path of travel, and a ramp at the premises." (<u>Id.</u> at 3).

"The irreducible constitutional minimum of standing includes three elements: (1) injury in fact; (2) causation; and (3) redressability." <u>Oliver v. Ralphs Grocery Co.</u>, 654 F.3d 903, 907 (9th Cir. 2011) (internal quotation marks omitted). "[T]o invoke the jurisdiction of the federal courts, a disabled individual claiming discrimination must satisfy the case or controversy requirement of Article III by demonstrating his standing to sue at each stage of the litigation." <u>Chapman v. Pier 1 Imports (U.S.) Inc.</u>, 631 F.3d 939, 946 (9th Cir. 2011) (<u>en</u> <u>banc</u>). "Because a private plaintiff can sue only for injunctive relief (<u>i.e.</u>, for removal of the barrier) under the ADA . . . a defendant's voluntary removal of alleged barriers prior to trial can have the effect of mooting a plaintiff's ADA claim." <u>Oliver</u>, 654 F.3d at 905.

"Because mootness is a jurisdictional issue, [the court is] obliged to raise it <u>sua</u> <u>sponte</u>." <u>Gator.com Corp. v. L.L. Bean, Inc.</u>, 398 F.3d 1125, 1129 (9th Cir. 2005) (internal citations, modifications, and quotation marks omitted); <u>see</u> <u>Demery v. Arpaio</u>, 378 F.3d 1020, 1025 (9th Cir. 2004), <u>cert.</u> <u>denied</u>, 545 U.S. 1139 (2005) (Federal courts have an "independent duty to consider

---

[1] Though plaintiff's Complaint lists several parking facility-related violations allegedly encountered, (<u>see</u> Dkt. 1, Complaint at ¶¶ 17-23), it expressly alleges only one federal claim under the ADA and one state claim under the Unruh Act. (<u>See</u> <u>id.</u> at ¶¶ 36-50).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **ED CV 18-1683 FMO (KKx)** | Date | **December 6, 2018** |
|----------|------------------------------|------|----------------------|
| Title | **Samuel Love v. Sheldon J. Wainer, <u>et</u> <u>al.</u>** | | |

<u>sua</u> <u>sponte</u> whether a case is moot.").

    Based on the foregoing, IT IS ORDERED THAT:

    1.  No later than **December 13, 2018**, plaintiff's counsel shall show cause in writing with a declaration under penalty of perjury as to why this action should not be dismissed for lack of standing, <u>see</u> <u>Chapman v. Pier 1 Imports (U.S.) Inc.</u>, 631 F.3d 939 (9th Cir. 2011) (<u>en</u> <u>banc</u>), in light of defendants' assertion that the alleged barriers personally encountered by plaintiff has been remedied.  Plaintiff's response to this Order to Show Cause shall also include the specific date of plaintiff's visit to defendants' property/business, which was not set forth in the Complaint.

    2.  Failure to file a timely response to this Order to Show Cause by the deadline set forth above shall be deemed as consent to the dismissal of the action for lack of standing and/or failure to comply with the orders of the court.  In addition, failure to file a timely response may result in the imposition of sanctions against plaintiff and/or plaintiff's counsel.  <u>See</u> Fed. R. Civ. P. 41(b); <u>Link v. Wabash R.R. Co.</u>, 370 U.S. 626, 629-30, 82 S.Ct. 1386, 1388 (1962).

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | vdr | |